UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUSAN MARIE BEHRENS | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-144-SDJ |
| | § | |
| COMMISSIONER, SSA | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 4, 2022, the Report of the Magistrate Judge, (Dkt. #20), was entered containing proposed findings of fact and a recommendation that the final decision of the Commissioner of the Social Security Administration be affirmed. Plaintiff Susan Marie Behrens timely filed an objection to the Report. (Dkt. #21). The Commissioner filed a response to the objection. (Dkt. #23). Having received the Report, reviewed Behrens's objection, and conducted de novo review, the Court determines that the Magistrate Judge's Report should be adopted.

**I.**

A district court reviews the findings and conclusions of a magistrate judge de novo only if a party objects within fourteen days of the report and recommendation. 28 U.S.C. § 636(b)(1). To challenge a magistrate judge's report, a party must specifically identify those findings to which he objects. *See id.* Frivolous, conclusory, or general objections need not be considered by the district judge. *Nettles v.*

1

*Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). And objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review. *See Mark v. Spears*, No. 6:18-CV-309, 2022 WL 363586, at *1 (E.D. Tex. Feb. 7, 2022); *see also Nickelson v. Warden*, No. 1:11-CV-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."); *United States v. Morales-Castro*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, the district court should be spared the chore of traversing ground already plowed by the Magistrate." (quotation omitted)).

## II.

The objection rehashes arguments that were rejected by the Magistrate Judge in the Report. The objection's core argument is that the administrative law judge ("ALJ") impermissibly relied on his own lay opinion instead of expert medical opinions in deciding that Behrens could perform regular and consistent work despite severe medical impairments. But as the Report explains, the ALJ gave all of the expert medical opinions appropriate consideration under the current rule for evaluating medical opinion evidence in disability cases.

The Social Security Administration issued a new rule for evaluating medical opinion evidence for disability claims filed on or after March 27, 2017. Where the old

2

rule assigned "controlling weight" to a treating physician's opinion (provided that the opinion was adequately supported and not outweighed by substantial evidence), the new rule assigns no specific weight to a treating physician's opinion and instead requires the ALJ to "evaluate the persuasiveness" of all medical opinions and administrative medical findings together using factors that are enumerated in the Social Security regulations. *Compare* 20 C.F.R. § 404.1527(c)(2), *with* 20 C.F.R. § 404.1520c(a). These factors include the relationship with the claimant, the length of the relationship, the frequency of examinations, the purpose of the relationship, the extent of the relationship—and most importantly, the "supportability" and "consistency" of the medical opinion. 20 C.F.R. § 404.1520c.

Even under the old standard for evaluating medical opinion testimony, an ALJ's decision was not required to match the conclusions offered by the medical experts. *Dixon v. Comm'r, SSA*, No. 4:18-CV-634, 2019 WL 5875901, at *1 (E.D. Tex. Sept. 27, 2019). Instead, the ALJ serves a role similar to that of a "trial judge" or "jury" in that it should: "weigh the competing opinions, take into consideration all of the other evidence of record, and [even] make a finding that may not be exactly the same as the opinion of any one medical source." *D.J.M. v. Berryhill*, No. 18-CV-0193, 2019 WL 1601491, at *4 (W.D. La. Apr. 11 2019).

Here, the ALJ appropriately weighed the competing medical evidence and made a decision that was supported by substantial evidence. *See Webster v. Kijakazi*, 19 F.4th 715, 718–19 (5th Cir. 2021) (holding that substantial evidence supported the ALJ's decision although the record reflected conflicting medical evidence and the ALJ

3

found a treating physician's opinion unpersuasive). As explained in the Magistrate Judge's Report, the ALJ treated as unpersuasive a medical evaluation from Behrens's treating physician, Dr. James E. Froelich, because the evaluation was completed on a "checkmark" form and its findings were inconstant with his own treatment notes and other evidence in the record. (Dkt. #20 at 15–16).

The ALJ also treated as unpersuasive opinions from state agency medical consultants that came to different, less restrictive conclusions than Dr. Froelich: that Behrens could perform at least a limited range of work. (Dkt. #20 at 15). Instead of applying controlling weight to either Dr. Froelich's evaluation or the state consultant evaluations, the ALJ considered all of the opinions and evaluations together, including the additional evidence from Dr. John G. Papaila, Dr. Pratap R. Tammala, and Dr. Ajay Harparat, in deciding what work Behrens could reasonably perform. (Dkt. #20 at 17–20).

The objection does not provide any arguments against the ALJ's decision beyond arguments that were already considered in the Magistrate Judge's Report and rejected. (Dkt. #20 at 11–21). To begin, the objection primarily cites authorities applying the old rule for evaluating medical opinion evidence and almost no authorities applying the new rule. *See Webster*, 19 F.4th at 718–19 ("ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past."). The Fifth Circuit's decision in *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995), for example, interpreted a "regulatory regime no longer applicable to the Commissioner's disability

determinations." *See Vasquez v. Comm'r of Soc. Sec.*, No. 7:21-CV-00028, 2022 WL 2975471, at *4 (N.D. Tex. June 30, 2022) (citing *Webster*, 19 F.4th at 718–19), *adopted by*, 2022 WL 2972240 (N.D. Tex. July 26, 2022). Thus, while *Ripley* is still precedential, "its emphasis on treating physicians' opinions no longer holds sway." *Id.*

The objection also suggests that the ALJ could not find Behrens capable of working without a medical opinion saying exactly that. But that is simply not so. Even under *Ripley*, the absence of a "medical source statement . . . does not, in itself, make the record incomplete." *Kalka v. Kijakazi*, No. 6:21-CV-00087, 2022 WL 866409, at *1 (E.D. Tex. Mar. 23, 2022) (quoting *Ripley*, 67 F.3d at 557). Instead, the important question is whether the ALJ's decision is supported by the record as a whole. *Id.*

The Court, reviewing de novo, concludes that the Magistrate Judge's Report is correct and that Behrens's objection is without merit.

### III.

For these reasons, Behrens's objection, (Dkt. #21), is **OVERRULED** and the Report and Recommendation of the United States Magistrate Judge, (Dkt. #20), is **ADOPTED** as the opinion of the Court.

It is therefore **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**So ORDERED and SIGNED this 29th day of September, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE